IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BONITA M. TADEMY, et al.,

        Plaintiffs,

        v.

GREENPOINT MORTGAGE FUNDING, INC., et al.,

        Defendants.

No. CIV S-09-1391 LKK DAD PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

This case came before the court on July 31, 2009, for hearing of defendants' amended motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (Doc. No. 14). Also before the court at that time were defendants' amended motion to strike portions of plaintiffs' complaint (Doc. No. 15) and defendants' request for judicial notice (Doc. No. 17). Natilee S. Riedman, Esq. appeared for moving defendants Mortgage Electronic Registration Systems, Inc., ETS Services, LLC, and GMAC Mortgage, LLC. Plaintiffs, who are proceeding pro se in this action, made no appearance at the hearing.

Upon consideration of all written materials filed in connection with the motions, the arguments at the hearing, and the entire file, the undersigned recommends that defendants' motion to dismiss be granted and this action be dismissed with prejudice.

BACKGROUND

Plaintiffs Bonita M. Tademy and Harold L. Tademy filed their complaint in Sacramento County Superior Court on April 1, 2009. (Def'ts' Notice of Removal (Doc. 1), Ex. A.) Defendant GMAC Mortgage, LLC was the first of the three removing defendants to receive a copy of the summons and complaint. (Id. at 2.) On May 19, 2009, within thirty days after defendant GMAC Mortgage, LLC was served with process, the case was removed to federal court on the ground that plaintiffs' complaint alleges claims arising under federal statutes. (Id.) Specifically, plaintiffs' complaint alleges violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 1367, in connection with the mortgage loan obtained by plaintiffs in 2006. (Id., Ex. A at ¶¶ 10, 23, 24.)

There is no evidence that plaintiffs have effected service of process on named defendants Greenpoint Mortgage Funding, Inc. and Marin Conveyancing Corp., and plaintiffs have not amended their complaint to substitute named entities or parties for the defendants sued as DOES I-X.

On May 26, 2009, defendants filed their initial motions. Plaintiffs filed no written opposition to the motions. Moving defendants filed and served a notice of plaintiffs' failure to file opposition. (Doc. Nos. 19, 20.) Plaintiffs did not respond to defendants' notice and made no appearance at the hearing on defendants' motion. The court's docket reflects that plaintiffs have filed nothing with this court since the action was removed from state court on May 19, 2009.

Plaintiffs' failure to appear at the hearing on defendants' motion may, in the discretion of the court, be deemed a statement of no opposition to the granting of the motion. See Local Rule 230 (i). An inference of non-opposition in the present case is supported by plaintiffs' failure to file written opposition to the motion. See Local Rule 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").

LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION TO DISMISS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

With regard to claims of fraud, "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs

absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Thus, pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[1]

## PLAINTIFFS' CLAIMS

Plaintiffs' complaint begins with conclusory allegations of deceptive practices, misrepresentations, fraud, civil conspiracy, unlawful acts, unethical business practices, and breach of fiduciary duty, as well as violations of TILA and RESPA. (Compl. ¶¶ 9-27.) These general allegations are followed by thirteen numbered claims, some of which do not appear to state any cognizable federal or state claim for relief. For example, plaintiffs' first-numbered claim for relief is titled "Suitability" and consists of a two-paragraph argument that all defendants had "a professional duty and obligation to the plaintiff to ensure that only those loans which were most suitable to her personal financial condition, the property at issue and her financial well-being would be presented and offered to her." (Id. ¶ 38.) Plaintiffs claims that appear to arise under state law include negligence per se, breach of fiduciary duty, negligent misrepresentation, intentional misrepresentation, breach of the covenant of good faith and fair dealing, failure to produce the note to prove real party in interest, unfair lending practices, "restoral" of good credit, violation of new state law requirements related to notices of default and notices of trustee sale, quiet title, and wrongful foreclosure. (Id. ¶¶ 44-98.) Few factual allegations in support of plaintiffs' claims are set forth in the complaint.

---

[1] In addition, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

4

1    Plaintiffs seek compensatory damages of $25,000.00, punitive damages of
2 $25,000.00, and unspecified statutory damages.  Plaintiffs also seek temporary and permanent
3 injunctive relief "to maintain the status quo," but have not filed any motion for injunctive relief.
4 (Id., Prayer following ¶ 98.)

## ANALYSIS

6    Defendants seek dismissal of plaintiffs' entire complaint pursuant to Federal Rule
7 of Civil Procedure 12(b)(6) on the grounds that plaintiffs various claims are unavailable, time
8 barred, or vague and ambiguous, and/or the complaint fails to allege facts sufficient to state a
9 claim.  (Def'ts' Amended Mot. (Doc. No. 14) at 2.)  Defendants address the alleged TILA and
10 RESPA violations and all thirteen of plaintiffs' enumerated claims, urging the court to dismiss
11 the complaint in its entirety with prejudice.  (Def'ts' Mem. of P. & A. (Doc. No. 10) at 3-15.)

12    Defendants' arguments are supported in part by four documents attached to their
13 request for judicial notice.  The four documents, all of which appear in the public record, are as
14 follows:  the Deed of Trust on the property at issue, recorded April 12, 2006; the Notice of
15 Trustee's Sale recorded October 20, 2008; the Notice of Default and Election to Sell Under Deed
16 of Trust recorded July 15, 2008; and the Trustee's Deed Upon Sale recorded March 24, 2009.
17 (Doc. No. 17.)  Defendants' request for judicial notice will be granted pursuant to Federal Rule
18 of Evidence 201.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a
19 motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v.
20 Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial
21 notice of matters of public record outside the pleadings).

22    The undersigned finds that plaintiffs' failure to file written opposition and failure
23 to appear at the hearing on defendants' motions, considered along with their failure to participate
24 in this action in any manner since removal from state court, should be deemed a statement of no
25 opposition to the granting of defendants' motions.  Nevertheless, in light of plaintiffs' pro se
26 status, the undersigned has reviewed defendants' arguments.

1       First, defendants argue that the TILA claim alleged by plaintiffs with respect to
2 their 2006 mortgage loan is barred by the applicable statute of limitations, which requires that an
3 action be brought within one year of the alleged violation in order to recover damages under
4 TILA.  See 15 U.S.C. 1640(e).  Plaintiffs' action was brought in 2009, three years after the
5 transaction at issue and two years after the expiration of the statute of limitations.  (Id. at 10-11.)
6       Defendants argue next that plaintiffs' RESPA claim fails to state a claim for relief
7 against any defendant because it consists of a mere assertion of "undisclosed financial incentives
8 . . . consisting [of] a prohibited kickback, referral fee or other 'things of value,'" with no factual
9 allegations to support such a claim.  Defendants argue further that such a claim cannot lie against
10 the moving defendants because plaintiffs have not alleged any conduct by the moving defendants
11 connected to the settlement of the subject loan, i.e, the time when RESPA requires disclosure of
12 settlement costs and elimination of kickbacks and referral fees.  (Def'ts' Mem. of P. & A. (Doc.
13 No. 10) at 11-12.)
14      Defendants' arguments concerning plaintiffs' federal claims are well reasoned and
15 persuasive, and defendants' arguments relative to plaintiffs' state claims are meritorious, as well.
16 In particular, defendants have demonstrated that, contrary to plaintiffs' claim that the defendants
17 violated new state law requirements related to notices of default and notices of trustee sale, they
18 filed the declaration required by California Civil Code § 2923.5 for a notice of sale when the
19 notice of default was filed prior to the September 6, 2008 operative date of § 2923.5.  (Id. at 19-
20 20 & Def'ts' Req. for Judicial Notice (Doc. No. 17), Ex. B.)
21      In addition, plaintiffs' conclusory allegations of fraud are insufficient under Rules
22 9(b) and 12(b)(6) of the Federal Rule of Civil Procedure.  Plaintiffs' complaint reflects a
23 complete failure to "state with particularity the circumstances constituting fraud."  Any federal
24 fraud claims should therefore be dismissed for failure to meet the applicable pleading standard.
25 See Vess, 317 F.3d at 1107; Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud
26 allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct

1 alleged"). The same principle applies under California law. <u>Tarmann v. State Farm Mutual
2 Auto. Ins. Co.</u>, 2 Cal. App. 4th 153, 157 (1991). Plaintiffs have failed to state any cognizable
3 fraud claim, and such claims must therefore be dismissed.

4     It is also apparent that plaintiffs are not entitled to injunctive relief. "The proper
5 legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to
6 succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary
7 relief, that the balance of equities tips in his favor, and that an injunction is in the public
8 interest.'" <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting <u>Winter v.
9 Natural Res. Def. Council, Inc.</u>, ___ U.S. ___, 129 S. Ct. 365, 374 (2008)). Plaintiffs' vague
10 request for injunctive relief is premised on their flawed substantive claims. For the reasons set
11 forth above with respect to those claims, plaintiffs have failed to demonstrate that they are likely
12 to succeed on the merits, that the balance of equities tips in their favor or that an injunction is in
13 the public interest. Accordingly, plaintiffs' prayer for injunctive relief should be dismissed.

14     The undersigned has carefully considered whether plaintiffs may amend their
15 complaint to state any claim upon which relief can be granted. "Valid reasons for denying leave
16 to amend include undue delay, bad faith, prejudice, and futility." <u>California Architectural Bldg.
17 Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988). <u>See</u> also <u>Klamath-Lake
18 Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that,
19 while leave to amend shall be freely given, the court does not have to allow futile amendments).
20 Leave to amend would clearly be futile in this instance given the deficiencies of plaintiffs'
21 complaint discussed above. Accordingly, the undersigned will recommend that plaintiffs'
22 complaint be dismissed in its entirety with prejudice. In light of this recommendation,
23 defendants' motion in the alternative for more definite statement is moot. Defendants' motion to
24 strike portions of plaintiffs' complaint is also moot and should be denied.
25 /////
26 /////

CONCLUSION

For the reasons set forth in this order and findings and recommendations, IT IS HEREBY ORDERED that defendants' request for judicial notice (Doc. No. 17) is granted; and

IT IS RECOMMENDED that:

1. Defendants' amended motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 14) be granted;

2. Defendants' amended motion to strike (Doc. No. 15) be denied; and

3. This action be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.pro se/tademy1391.oah073109.mtdgr